IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TINA RAY                                                                                      PLAINTIFF

v.                                                                    CIVIL ACTION NO. 1:17-CV-71-RP

THE DUFRESNE SPENCER GROUP, LLC
d/b/a ASHLEY FURNITURE HOME STORE;
and JEFF ROGERS                                                                            DEFENDANT

## MEMORANDUM OPINION

Defendants The Dufresne Spencer Group, LLC d/b/a Ashley Furniture Home Store and Jeff Rogers ("Defendants") have moved for summary judgment on Plaintiff's Title VII claims and request that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss the Complaint in its entirety. Docket 26. Defendants claim that Plaintiff has failed to exhaust her administrative remedies and is therefore barred from pursuing her claims in this court. Docket 27. Because both parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion. Docket 14. After due consideration, the Court is ready to rule.

### Factual and Procedural Background

Plaintiff Tina Ray ("Plaintiff") filed her Complaint against Defendants on April 10, 2017. Docket 1. Plaintiff's Complaint seeks damages for Defendants' alleged violation of Title VII of the Civil Rights Act of 1964. Docket 1. Specifically, Plaintiff alleges four separate causes of action identified as follows: (1) hostile work environment; (2) assault and battery; (3) quid pro quo; and (4) intentional infliction of emotional distress. *Id*.

Prior to filing her Complaint, on November 4, 2016, Plaintiff submitted an Equal Employment Opportunity Commission Intake Questionnaire outlining the alleged discrimination

against Defendants and providing a detailed narrative account of "willful sexual harassment (sex discrimination) in violation of Title VII of the Civil Rights Act of 1964." Docket 28-1 at 17-23. Both the intake questionnaire and the narrative account bear Plaintiff's handwritten signature. *Id*. at 20, 22. In Plaintiff's summary, she states "I am seeking damages, back pay, all benefits owed, reinstatement, or in the alternative, front pay." *Id*. at 22. On November 10, 2016, the EEOC notified Defendants that an employment discrimination charge had been filed against them and advised that "a perfected charge (EEOC Form 5) will be sent to you once it has been received from the Charging Party." *Id*. at 10-11.

In correspondence dated December 8, 2016, the Equal Employment Opportunity Commission (EEOC) notified Plaintiff that "the document that you submitted to us [*i.e.* the intake questionnaire] constitutes a charge of employment discrimination" and that Plaintiff's employer had been notified that she "filed a charge." *Id*. at 8. The December 8, 2016 letter requests that Plaintiff sign the Charge of Discrimination form attached and explains that the signed form must be received "before we initiate an investigation." *Id*. The letter clarifies that "for purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filing date." *Id*. Plaintiff states that she did not receive this letter until after the EEOC dismissed her case on January 11, 2017.[1] Docket 30-1 at 1.

On January 11, 2017, the EEOC sent Plaintiff a Dismissal and Notice of Rights informing Plaintiff that its file on her charge was being closed for "failure to cooperate." Docket 28-1 at 1. The notice states:

---

[1] Plaintiff's affidavit states that she did not receive the "November 8, 2015 letter from the EEOC advising that I needed to sign the Charge of Discrimination (EEOC Form 5) until after my case had been dismissed by the EEOC on January 11, 2017." Docket 30-1 at 1. The Court notes that letter regarding the Charge of Discrimination is dated December 8, 2016 and is correctly identified as the "EEOC December 8, 2016 correspondence to Plaintiff" in the body of Plaintiff's Response to Defendants' Motion for Summary Judgment." Docket 30 at 2.

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** **of your receipt of this notice**; or your right to sue based on this charge will be lost."

*Id*. Consequently, on April 10, 2017, Plaintiff filed her Complaint in this action. Docket 1.

Plaintiff states that upon receiving the Dismissal and Notice of Rights, she requested reconsideration which was denied in correspondence dated June 26, 2017. Docket 31 at 4; 30-5 at 1. This correspondence states "you have the right to file a complaint in court based on your charge of discrimination. You must file your complaint in court within 90 days of the date on which you received the Dismissal and Notice of Rights." Docket 30-5 at 1.

After Defendants filed their Motion for Summary Judgment alleging that Plaintiff is barred from filing suit because she failed to perfect her Charge of Discrimination, Plaintiff submitted the signed Charge of Discrimination on September 7, 2017. Docket 30-6.

## Standard of Review

Under Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Id.* at 325. Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by ... affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.,* 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed.R.Civ.P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Celotex Corp.,* 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## Discussion

Defendants claim that, prior to filing suit, Plaintiff failed to perfect her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) as required by 42 U.S.C. § 2000e. Docket 27. Specifically, Defendants argue that Plaintiff never submitted a charge of discrimination under oath prior to filing suit, and therefore, her Complaint must be dismissed. Docket 27 at 3-4 (citing 42 U.S.C. § 2000e-5 (b)).

In response to Defendants Motion for Summary Judgment, Plaintiff argues that she has substantially complied with the EEOC requirements in that the signed Intake Questionnaire was "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Docket 31 at 5-6 (citing 29 C.F.R. § 1601.12(b)). Plaintiff claims that her failure to sign and return the Charge of Discrimination does not foreclose her ability to file suit as both the Charge of Discrimination and Dismissal and Notice of Rights clearly advised that Plaintiff had 90 days from receipt of the Dismissal and Notice of Rights to file suit. *Id.* at 6. Alternatively, Plaintiff contends that she has amended her original filing with a signed Charge of Discrimination thereby curing any technical deficiency. *Id.* at 7.

1. *Sufficiency of Charge*

Before a plaintiff may sue under Title VII in federal court, she must first exhaust her administrative remedies, one component of which is filing a timely charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e), (f). *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue"). According to the governing statute, charges must be "in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b).

The governing EEOC regulations interpret the "under oath or affirmation" requirement to mean "verified" as in "sworn to or affirmed before a notary public" or "supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. §§ 1601.9, 1601.3(a). Additionally, a charge "should" contain: (1)-(2) the names, addresses, and telephone numbers of the person making the charge and the person against whom the charge is made; (3) a statement of the facts describing the alleged discriminatory conduct; (4) if known, the number of employees of the charged employer; and (5) a statement indicating whether the charging party has initiated state proceedings. 29 C.F.R. §§ 1601.12(a). However, Section 1601.12(b) states that a written charge is sufficient if it is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).

To determine whether Plaintiff's Intake Questionnaire meets the statutory and regulatory requirements for making a "charge," the Court looks to *Federal Express Corporation v. Holowecki* in which the United States Supreme Court concluded that documents other than the EEOC's official Charge of Discrimination form could constitute a "charge" for purposes of timely administrative exhaustion under the ADEA. *Angelina v. Univ. of Mississippi Med. Ctr.*,

2015 WL 417846, at *2 (S.D. Miss. Jan. 30, 2015) (evaluating timely administrative exhaustion under Title VII) (*citing Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)).

In *Holowecki,* the Supreme Court specifically recognized that an intake questionnaire can constitute a "charge" if it both satisfies the regulatory requirements and may "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Holowecki*, 552 U.S. at 402. *Holowecki* acknowledges that the governing agency is "not required to treat every completed Intake Questionnaire as a charge" yet found that the claimant's consent for the agency to disclose her identity to the employer and her specific request that the agency "force" the employer to end its discriminatory acts brought her filing within the definition of a charge. *Holowecki*, 552 U.S. at 406.

Turning to Plaintiff's Intake Questionnaire and narrative summary, Plaintiff provides the basic intake information required by 29 C.F.R. § 1601.12: she provides her name, address, and telephone number as well as that of her employer; she states the facts describing the alleged discriminatory conduct; Plaintiff identifies the number of employees; and she indicates whether she initiated state proceedings. Plaintiff checked the box indicating that she understood that the EEOC would give her employer notice of her charge and her attached narrative statement specifically states "I am seeking damages, back pay, all benefits owed, reinstatement, or in the alternative, front pay." Docket 28-1 at 20, 22. This language is unquestionably "a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." *Holowecki*, 552 U.S. at 402. The Court finds that Plaintiff's Intake Questionnaire satisfies both the regulatory requirements set forth in

29 C.F.R. § 1601.12(a) and contains a request for the EEOC to take remedial action against Defendants thus satisfying the definition of charge adopted in *Holowecki*.

Moreover, there is no indication that the EEOC did not treat Plaintiff's intake questionnaire as a charge. The EEOC promptly notified Defendants on November 10, 2016, that "a charge of employment discrimination has been filed against your organization under Title VII of the Civil Rights Act." Docket 28-1 at 11; *see* fn. 3, *infra*. The EEOC's December 8, 2016 correspondence to Plaintiff states "[b]ecause the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge." *Id*. at 8. Notably, the EEOC did not close its file because the "charge was not timely filed,"—an option included on the Dismissal and Notice of Rights—but rather closed the file for Plaintiff's "failure to cooperate." *Id*. at 1. Upon receipt of the EEOC's January 11, 2017 Dismissal and Notice of Rights (the "right-to-sue letter"), Plaintiff exhausted her administrative remedies and timely filed suit in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d at 378.

Defendants' reliance on *Newton v. Securitas Security Services, USA, Incorporated* is misplaced. *Newton*, 250 Fed. Appx. 18 (5th Cir. 2007). In *Newton*, the plaintiff did not file her precharge questionnaire or her charge of discrimination until after the statutory limitations period had run. *Id*. at 20. The Fifth Circuit did not evaluate whether plaintiff's precharge questionnaire was sufficient to meet the requirements set forth in 42 U.S.C. § 2000e-5 because it was not timely filed. Furthermore, Defendants argument that Plaintiff's claims are barred by the three-hundred day statute of limitations in 42 U.S.C. § 2000e-5 (e) similarly fails. Here, Plaintiff timely filed her Intake Questionnaire which the EEOC properly construed as a charge.

2. *Relation-Back*

Alternatively, the Court finds that even if Plaintiff's original filing did not constitute a charge—the Court finds that it does—Plaintiff's September 7, 2017 Charge of Discrimination relates back to the filing date of her Intake Questionnaire and cures any alleged defect in her oath or affirmation made therein. *See Conner v. Louisiana Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) (*citing Edelman v. Lynchburg Coll.*, 535 U.S. 106, (2002) and *Price v. Southwestern Bell Tel. Co.,* 687 F.2d 74, 78 (5th Cir.1982)).[2]

In *Edelman v. Lynchburg College*, the United States Supreme Court examined "the validity of an EEOC regulation permitting an otherwise timely filer to verify a charge after the time for filing has expired." *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 109 (2002).[3] Edelman sent a letter to the EEOC claiming discrimination on the bases of gender, national origin, and religion but did not make an oath or affirmation. *Id*. at 109. Edelman received a Form 5 Charge of Discrimination; however, he did not return the verified form until 313 days after the alleged discriminatory act. *Id*. at 109-10. The Supreme Court held that defects in oaths or affirmations

---

[2] Relevant to the Court's finding that Plaintiff's intake questionnaire constituted a charge, in *Connor*, the Fifth Circuit held that the intake questionnaire "informed the EEOC of the identity of the parties and described the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to [the defendant]." *Connor*, 247 F. App'x at 481. Because the intake questionnaire was timely filed and was sufficient to constitute an EEOC charge, the lower court erred in finding that it was untimely. *Id*. at 481-82. Similarly, in *Price*, the Fifth Circuit found that the plaintiff's unsigned and unsworn form "informed the EEOC of the identity of the parties and described the alleged discriminatory conduct in enough detail to enable it to issue an official notice of charge to [the defendant] thus setting the administrative machinery in motion." *Price*, 687 F.2d at 78. The Court found the EEOC's determination to initiate the administrative process relevant to its determination that the initial form constituted a "'charge' within the meaning of the statute and pertinent regulations." *Id*. at 78-79.

[3] Prior to the Supreme Court's ruling in *Edelman*, the Fifth Circuit has consistently held that a prior unsworn charge of discrimination could be amended out of time to meet the verified requirement. *Weeks v. Southern Bell Telephone & Telegraph Company*, 408 F.2d 228 (5th Cir. 1969) (holding that a timely unsworn complaint can be subsequently amended out of time to meet the requirement that it be sworn to and that the amendment relates back to the original filing date); *Georgia Power Co. v. E. E. O. C.*, 412 F.2d 462 (5th Cir. 1969) (finding that a timely unsworn charge may be later sworn to out-of-time); *Heath v. D.H. Baldwin Co.*, 447 F. Supp. 495, 500 (N.D.Miss.1977) (citing the holdings in *Weeks* and *Georgia Power Co.* that "a timely filed unsworn charge, valid in all other aspects, may later be amended to allow the party to add a sworn verification" to find that a valid amendable charge was timely filed and that the subsequent sworn charge related back to the original filing).

can be cured by an employee, even after the filing deadline has passed, and that the filing of a sworn charge "relates back" to the filing date of the unsworn complaint. *Id*. at 119.

EEOC regulation 29 C.F.R. § 1601.12(b) provides that "[a] charge may be amended to cure technical defects or omissions, including failure to verify the charge…" The regulation maintains that such amendments "will relate back to the date the charge was first received." The Court in *Edelman* construed § 706 of Title VII (42 U.S.C. § 2000e-5) "to permit the relation back of an oath omitted from an original filing" finding "the EEOC's relation-back regulation to be an unassailable interpretation of § 706." *Edelman*, 535 U.S. at 116, 117.

Defendants argue that Plaintiff "did not file a written charge under oath with the EEOC within three hundred (300) days of the alleged misconduct."[4] Docket 27 at 5. At the time Defendants filed their Motion for Summary Judgment, Plaintiff had exhausted her administrative remedies as discussed herein above. However, even if Plaintiff's Intake Questionnaire did not meet the requirements for a charge, Plaintiff's September 7, 2017 Charge of Discrimination relates back to her timely original filing, thereby curing any technical defect had one existed. *See Equal Employment Opportunity Comm'n v. Hill Bros. Constr. Co., Inc.*, No. 3:05CV122, 2008 WL 11342586, at *1 (N.D. Miss. Apr. 2, 2008) (finding that "courts have shown a high degree of consistency in accepting later verification as reaching back to an earlier, unverified filing") (citing *Edelman*, 535 U.S. at 116).

3. *Supplemental Jurisdiction*

The Court finds that Plaintiff timely filed a charge of discrimination and exhausted her administrative remedies by filing suit within ninety days of receipt of the Dismissal and Notice

---

[4] A Title VII claimant must file charges with the EEOC within 180 days after the alleged illegal conduct. *See* 42 U.S.C. § 2000e–5(e)(1); *see also Cannon v. Mississippi Dep't of Employment Sec.*, 2012 WL 2685089, at *3 (S.D. Miss. July 6, 2012); *E.E.O.C. v. United Ins. Co. of Am.*, 666 F. Supp. 915, 916 (S.D. Miss. 1986).

of Rights. Therefore, Defendants' argument that the Court is divested of federal question jurisdiction fails. Finding that Plaintiff's federal-law claims and state-law claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding," the Court has the power to hear the whole of Plaintiff's case. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The Court will not decline to exercise supplemental jurisdiction over Plaintiff's common law state claims.

## Conclusion

Defendants, The Dufresne Spencer Group, LLC d/b/a Ashley Home Store and Jeff Rogers' Motion for Summary Judgment is **DENIED.**

**SO ORDERED**, this the 10th day of January, 2018.

/s/ Roy Percy_____
UNITED STATES MAGISTRATE JUDGE